# Hodel v. Cheswick Borough, Appellant.

*Negligence—Boroughs—Defective crossing—Case for jury.*

In an action against a borough to recover damages for personal injuries suffered at a crossing of a street over a railroad, a recovery may be had against the borough where the evidence tends to show that at the crossing there was a curve of the railroad tracks which was partly within the borough and partly within a neighboring township, that along the whole of the curve the rails were permitted to extend about two inches above the planks placed between the rails, that the planks were in an uneven condition so that the wagon which plaintiff was driving started to skid in the township, and continued to skid owing to the condition of the planks in the borough, and was finally so jarred in the borough by a projecting plank, that plaintiff was thrown out and injured.

Argued April 17, 1914. Appeal, No. 79, April T., 1914, by defendant, from judgment of C. P. No. 3, Allegheny Co., Nov. T., 1911, No. 62, on verdict for plaintiff in case of George Hodel v. Cheswick Borough. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Affirmed.

Trespass to recover damages for personal injuries. Before HAYMAKER, J.

The facts relating to the accident are stated in the opinion of the Superior Court.

Verdict and judgment for plaintiff for $1,487.50. Defendant appealed.

*Error assigned* was portion of charge referred to in the opinion of the Superior Court.

*Paul A. Stuart*, with him *McKee, Mitchell & Alter*, for appellant.

*Meredith R. Marshall*, with him *Rody P. Marshall*, for appellee.

OPINION BY HENDERSON, J., July 15, 1914:

There is but one assignment of error and that embraces a portion of the charge to the jury. The accident out of which the action arose occurred at a place on Cheswick avenue where a railroad track crosses the avenue diagonally on a curve and the plaintiff was injured in attempting to cross this track while driving along the avenue. The complaint against the borough was that it negligently constructed and maintained the crossing over the track by permitting the railroad rails to extend a distance of about two inches above the planks placed between the rails to make the crossing practicable for teams and by permitting the planking to be in an uneven condition as a result of which the plaintiff's wagon "skidded" when the left front wheel struck the second rail, which skidding continued until one of the wheels struck a projecting plank and thereby so violently jarred the wagon that the plaintiff was thrown onto the ground. Thirty feet in width of the avenue is in the borough of Cheswick and the remaining twenty feet in the township of Harmar. The curved railroad track leads from the main track in the township of Harmar across Cheswick avenue into the borough of

Cheswick. The evidence of some of the witnesses was to the effect that the skidding of the wagon commenced in Harmar township and continued across the line of Cheswick borough where it is claimed the obstruction of the plank caused the jar which produced the injury. The position taken by the defendant at the trial was that the original cause of the injury was the skidding of the left front wheel of the wagon in Harmar township and that the striking of the obstruction in Cheswick borough while the skidding was taking place "was the consequent intervening, passive cause of the injury." The learned trial judge charged the jury that if the wagon struck the rail in Harmar township and the skidding was the result of a defect in Harmar township and not in the borough of Cheswick the township would be liable for the accident and not the borough. In that connection and after a reference to the somewhat contradictory evidence as to the exact location of the wagon with reference to the township line the jury was instructed as set forth in the assignment of error that even if the wheel did strike the rail in the township and if by reason of a defect in the planking of the crossing the wagon continued to slide over into the borough and the sliding into the borough was the result of defective planking inside of the borough line and the wagon came to an abrupt stop in the borough by reason of the defect complained of the borough would be liable notwithstanding the fact that the front wheel happened to begin to slide in the township instead of the borough. That this was an appropriate instruction under the evidence seems clear from a study of the case. Whatever may have been the default of the township with reference to this crossing it seems evident that if the borough was in like default and the projecting rail of the curved track caused the wheels to slide before crossing the borough line and this sliding continued until the "buckled" plank produced the jar which threw the plaintiff out of the wagon and this took

place within the borough limits the injury resulted from a defective condition of the crossing on that part of the street with the maintenance of which the borough was charged. As we view the evidence the question of proximate or remote cause does not arise. The same condition which caused the wheels to slide along the side of the rail existed in the borough which were found in the township, and from all that can be seen in the record of the evidence presented to us as introduced by the plaintiff the accident was wholly caused by conditions existing in the borough. The sliding movement in the township was no more prejudicial to the defendant than was the same movement along the same or a connecting rail in the borough, and it was the continued sliding in connection with the obtruding plank which caused the damage. If the crossing within the borough had been in a condition to prevent the wagon wheels from sliding no harm would have happened to the plaintiff and the beginning of the sliding in the township was not the cause of the damage if the defendant was negligent in the premises. There is no relation of proximity or remoteness of cause affecting the liability of the defendant because of the liability of the township. There is abundant evidence of the defective condition of the crossing, the injury to the plaintiff was clearly established and the case was carefully tried.

The judgment is affirmed.